DYNAMIC COMPUTER SOLUTIONS, INC., Appellant,

v.

MIDWEST MARKETING INSURANCE AGENCY, L.L.C., Respondent.

No. WD 60370.

Missouri Court of Appeals, Western District.

Dec. 17, 2002.

James F. Adler, Kansas City, MO, for Appellant.

R. Gregory Harrison, Liberty, MO, for Respondent.

Before ULRICH, P.J., and SPINDEN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Dynamic Computer Solutions, Inc., appeals from the judgment of the Circuit Court of Jackson County, after a trial before the court, awarding it $17,675 in damages on its suit on account against the respondent, Midwest Marketing Insurance Agency, L.L.C., in which the appellant was seeking total damages of $26,581.61.

The appellant raises two points on appeal, both of which challenge the amount of the trial court's award. In Point I, it claims that the trial court erred in overruling its motion for a directed verdict at the close of the appellant's evidence and its motion for a new trial or in the alternative to vacate, amend or modify the court's judgment, because the trial court, in accordance with Rule 59.01(a),[1] governing requests for and the effect of admissions, was required, but failed, to deem as admitted the matters on which admissions were requested and which conclusively established the amount owed to the appellant from the respondent, entitling it, as a matter of law, to judgment in the full amount pled in its petition, $26,581.61. In Point II, it claims that "[t]he trial court erred in not entering a judgment in favor of appellant for $25,620.56[2] and in not sustaining appellant's motion for new trial or in the alternative to vacate, amend or modify judgment since respondent admitted this amount was due on Exhibit 8, one of respondent's checks remitted on its account with appellant, in that an admission by a party in a document such as a check that is remitted as payment on an account is a binding admission and any verdict that is inconsistent with this admission is against

the weight of the evidence and should be vacated or amended in accordance with Rules 75.01 and 78.02."

We reverse and remand with directions.

### Facts

The appellant, a Missouri corporation, provided computer-related goods and merchandise to the respondent from May 1, 2000, through November 13, 2000. During that period of time, a dispute arose between the parties as to the amount the respondent owed on its account with the appellant. The dispute was over a charge of $9,681 for a scanner, which the respondent returned as being defective.

On April 20, 2001, the appellant filed a suit on account against the respondent in the associate division of the Circuit Court of Jackson County, seeking to collect $26,581.61, with interest thereon from March 31, 2001. On June 7, 2001, the respondent was served with a request for admissions from the appellant, which requested that the respondent admit, *inter alia*, that it requested all the goods provided to it by the appellant; that the charges for those goods were reasonable; and that the balance then due on its account with the appellant was $26,581.61. On July 9, 2001, Shaun Fagan, who is referred to in the record as the "owner" of the respondent corporation, sent a letter to the appellant's counsel, which was sent in response to the June 23, 2001, settlement letter[3] he received from the appellant's counsel. In his letter, Shaun Fagan contested the amount that the appellant claimed was owed by the respondent, specifically, the

---

1. All rule references are to the Missouri Rules of Civil Procedure (2002), unless otherwise indicated.

2. This amount, although different from the amount pleaded in the petition, was the amount of the balance due that was noted by

the respondent on a check issued to the appellant in partial payment of the account balance of $28,120.56, as of December 5, 2000.

3. That letter was not included in the record on appeal.

charge for the scanner that was allegedly returned as defective. The letter made no mention of the appellant's request for admissions.

On July 9, 2001, the appellant filed a "Motion for Summary Judgment or in the Alternative for a Judgment on the Pleadings." The motion alleged that there was no genuine dispute of the material facts entitling the appellant to judgment in the full amount prayed for in the appellant's petition because the respondent had not filed a timely answer to the appellant's request for admissions, and, thus, pursuant to Rule 59.01(a), the matters contained in the request were deemed admitted, entitling the appellant to a judgment for the full amount pleaded, as a matter of law.

On July 12, 2001, the appellant's suit on account was tried to the court. The appellant appeared by counsel, and the respondent appeared *pro se,* represented in court by two of its employees, Mary Fagan and Gayla Hodges. Prior to evidence being heard, counsel for the appellant sought a ruling on its motion for summary judgment. The appellant argued that it was entitled to judgment as a matter of law based on the matters deemed admitted by the respondent, most notably that it owed the appellant the full amount of its stated claim. The trial court overruled the appellant's motion on the basis that the respondent had not been afforded the requisite time to respond to the motion. Without ruling on the effect of the respondent's failure to timely answer the appellant's request for admissions and the need for it to present evidence to carry its burden of proof on its claim, the trial court instructed the appellant to proceed with the presentation of its evidence, which it did.

To prove its case, the appellant called as witnesses its vice-president and branch manager, who testified, *inter alia,* as to the goods sold to the respondent, the amounts charged, and the amount owed by the respondent as of March 31, 2001. At the close of its case, the appellant moved for a directed verdict for the full amount claimed in its petition, based on the admissions of the respondent. The trial court took the appellant's motion under advisement and proceeded to hear the respondent's evidence. The respondent's case consisted of testimony from Mary Fagan, the chief financial officer for the respondent, and Hodges, the respondent's office manager, who testified, *inter alia,* that the respondent did not owe the appellant the amount sought in its petition because that amount incorrectly included a charge of $9,681 for a scanner that was allegedly returned as being defective. The respondent offered no evidence concerning its failure to timely answer the appellant's request for admissions.

At the conclusion of all the evidence, the trial court took a recess to consider the case. Following the recess, the trial court proceeded to decide the case, stating:

All right. Now I believe that there was a matter of motions that the Court wants to take up. We had a point in time at the outset of the matter of taking up a motion for summary judgment, which was overruled at this [sic] time.

There was also a motion for enforcement of discovery and for sanctions in regard to circumstances here. I'm going to—At this time based upon information I have in regard to the circumstances, overrule that.

Also, I have here a matter in regard to admissions. I have here some information, apparently, that was coming from [the appellant's counsel] dated July 9th, although it was out of time, but it looks like that is from Mr. Fagan. He's not a lawyer and under the circumstances there is some information the Court has in regard to an admission that

he's made here in regard of the circumstances.

At this time based upon the circumstances and evaluation of the evidence that was presented by both sides, the Court's going to enter judgment in favor of [the appellant] at this time for the sum of $17,675, plus costs. And I am as well going to make a separate assessment in addition to attorney's fees at $400 in favor of [the appellant]. And that will be a total of $18,075.

On July 28, 2001, the appellant filed its "Motion for New Trial or in the Alternative to Vacate, Amend or Modify Judgment." As a basis for its motion, the appellant reiterated its argument that the respondent was deemed to have admitted all the material facts necessary for it to recover in the full amount prayed for in its petition due to the respondent's failure to answer the appellant's request for admissions in a timely fashion. The trial court overruled the appellant's motion on August 15, 2001.

This appeal follows.

## I.

█ In Point I, the appellant claims that the trial court erred in overruling its motion for a directed verdict at the close of the appellant's evidence and its motion for a new trial or in the alternative to vacate, amend, or modify the court's judgment, because the trial court, in accordance with Rule 59.01(a), governing requests for and the effect of admissions, was required, but failed, to deem as admitted the matters on which admissions were requested and which conclusively established the amount owed to the appellant from the respondent, entitling it, as a matter of law, to judgment in the full amount pled in its petition, $ 26,581.61. We agree.

The appellant, by the express terms of its point relied on, is ostensibly attacking,

in the alternative, three different rulings of the trial court: (1) the court's denial of its motion for a "directed verdict" at the close of the appellant's evidence; (2) the court's denial of its motion for a new trial; and (3) the court's denial of its motion to amend the judgment by entering judgment for the appellant in the full amount prayed for in the petition. With respect to the trial court's denial of the appellant's motion for a new trial, it is clear in reading the appellant's argument and the relief requested in this point that the appellant is not, in fact, attacking that ruling of the court and requesting relief therefrom. In that regard, as noted, *supra,* the appellant is claiming in this point that, in accordance with Rule 59.01, the allegations of its petition necessary to establish its claim in the full amount pled were deemed admitted, were not subject to dispute, and were conclusively established as to those matters such that it was entitled to a judgment in the full amount requested in its petition. In light thereof, the appellant requests on appeal that the trial court's judgment be reversed or modified so as to award it the entire amount of its claim. Thus, the appellant is not in actuality attacking the trial court's failure to grant it a new trial and seeking relief in accordance therewith; rather, it is attacking the court's failure to direct a verdict for it in the full amount prayed for in the petition or, in the alternative, its failure to grant its motion to modify the judgment so as to award that amount.

Both of the appellant's alternative challenges in this point, the trial court's alleged failure to grant its motion for a directed verdict and its alleged failure to grant its motion to modify the judgment, hinge on the same Rule 59.01 argument, that all the essential elements of the appellant's claim were deemed admitted by and were conclusive on the respondent due to

its failure to timely answer the appellant's request for admissions. In addition, both challenges request the same relief, a judgment in the full amount prayed for in the appellant's petition. As such, if we find in this point, on the legal basis asserted, that the trial court did not err in failing to grant the appellant's motion for a directed verdict, we necessarily would have to find that it did not err in failing to grant the appellant's motion to modify the judgment. It seems logical then that our review would be of the appellant's claim that the trial court erred in failing to grant its motion for a directed verdict in that if we find merit to the appellant's argument, we would necessarily have to conclude that the court should have granted a judgment to the appellant at the close of its case in the full amount prayed for in its petition, which would moot the appellant's claim that the court failed to modify its judgment so as to award the full amount claimed in the petition. Thus, we turn our attention to the appellant's claim that the trial court erred in failing to grant its motion for a directed verdict at the close of its evidence.

■ Before addressing the appellant's claim on the merits, we must address the appellant's characterization of its motion for a judgment at the close of its evidence as one for a "directed verdict." It goes without saying, that by definition, there is no verdict to direct in a judge-tried case, a verdict being defined as "a *jury's* finding or decision on the factual issues of a case." BLACK'S LAW DICTIONARY 1554 (7TH ED.1999) (emphasis added); *see also Kamil, Decker & Co., P.C. v. SMC Props., Inc.,* 998 S.W.2d 818, 819 (Mo.App.1999) (stating that there is no verdict in a court-tried case). Thus, Rule 72.01(a), governing motions for a directed verdict, does not apply to judge-tried cases, such that the relief sought in this point, a judgment for the

appellant in the full amount of its claim at the close of its case, could not result procedurally from a "directed verdict." As to whether there is an equivalent to a directed verdict in a judge-tried case, Rule 73.01(b) does provide, in pertinent part: "After the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a *judgment on the grounds that upon the facts and the law* the plaintiff is not entitled to relief." (Emphasis added.) However, this provision is expressly limited to a motion filed by the defendant and there is no similar provision allowing a plaintiff to file such a motion requesting a judgment on the plaintiff's claim, which is essentially what the appellant did in this case. The question naturally arises then as to whether this omission in the rule was intended to preclude a plaintiff from moving for and receiving a judgment at the close of the plaintiff's case.

■ Missouri Supreme Court rules are to be interpreted in the same fashion as statutes. *State ex rel. Streeter v. Mauer,* 985 S.W.2d 954, 956 (Mo.App. 1999). Hence, in interpreting a rule, we are to ascertain the intent of the Court, giving the language used its plain and ordinary meaning. *In re A.S.O.,* 75 S.W.3d 905, 910 (Mo.App.2002). If the intent of a rule is clear and unambiguous, after giving the language used its plain and ordinary meaning, we are to give effect to that intent and are not to engage in any construction of the rule. *Brown v. Childress,* 41 S.W.3d 926, 928 (Mo.App. 2001). We may not resort to the time-honored canons of statutory construction to interpret a rule, unless we first find that the meaning of the rule is ambiguous. *Id.* Applying the foregoing principles in interpreting Rule 73.01, it is not clear from the language used whether the Court intended to exclude a plaintiff from filing a motion

for judgment on the facts and the law under this rule. Thus, applying the canon of construction that the express mention of one thing implies the exclusion of another, *Groh v. Ballard,* 965 S.W.2d 872, 874 (Mo. App.1998), an argument could possibly be made that the Court did not intend in a judge-tried case to authorize at the close of the plaintiff's case a motion for a judgment for the plaintiff on the facts and the law. Such an argument would be premised on the fact that Rule 73.01 specifically permits a defendant to move for a judgment at the close of the plaintiff's evidence, but not the plaintiff. However, such an interpretation would fly in the face of picture-perfect logic when one considers that there would be instances where the facts on which the plaintiff was relying for recovery were not legally subject to dispute by and were conclusive on the defendant, entitling the plaintiff to judgment as a matter of law, as claimed by the appellant in this point. In those instances, a judgment for the plaintiff at the close of the plaintiff's case would be appropriate in that, although the path taken in arriving at that juncture in the case would be procedurally different from that of the summary judgment procedure under Rule 74.04, the rationale for concluding the proceeding and entering judgment for the plaintiff, without allowing the defendant its day in court, would be the same. Like the legislature, it is presumed that the Missouri Supreme Court would not enact a rule that would render an absurd result. *Dalton Invs., Inc. v. Nooney Co.,* 10 S.W.3d 590, 593 (Mo.App.2000). Thus, we do not read Rule 73.01 as precluding a motion in a judge-tried case for a judgment for the plaintiff at the close of the plaintiff's case based on conclusive evidence and the applicable law.

■ With respect to the issue presented, there is no dispute about the dispositive facts, but only the effect of Rule 59.01

as applied to those facts. Thus, the issue presented is strictly a legal one. As to questions of law, we are to review *de novo,* paying no deference to the trial court's determinations. *Ochoa v. Ochoa,* 71 S.W.3d 593, 595 (Mo. *banc* 2002).

We would first note that the appellant filed a motion for summary judgment three days before trial, alleging that all the elements of its case were deemed admitted by the respondent pursuant to its request for admissions under Rule 59.01. In that regard, at the commencement of the trial, the appellant sought a ruling on its motion, stating, "we have admissions that weren't answered by the [respondent] for which we move for a summary judgment, which would make a trial unnecessary." The trial court appears to have denied that motion on the ground that the time for responding to the motion for summary judgment had not expired. The appellant did not appeal that ruling, however. Instead, it chose to appeal, *inter alia,* the denial of its motion for "directed verdict" at the close of the appellant's evidence, which was predicated on the same basis as its motion for summary judgment. Hence, regardless of the context, what the appellant was requesting at trial was a judgment in the full amount prayed for in the petition based on the respondent's failure to file a timely answer to the appellant's request for admissions; and what it is attacking on appeal is the trial court's denial of that request. Thus, the issue for us to decide is whether the trial court erred in failing to enter judgment for the appellant in the full amount prayed for in its petition, on the basis that the appellant's claim against the respondent was deemed admitted, was beyond dispute, and was conclusive on the respondent, due to the respondent's failure to file a timely answer to the appellant's request for admissions under Rule 59.01.

There is no dispute that the appellant served the respondent with a request for admissions under Rule 59.01(a). " 'A request for admissions, as authorized by Rule 59.01(a), is designed to remove an issue from trial or to determine which pleaded matters present genuine issues for trial.' " *Felton v. Hulser,* 957 S.W.2d 394, 397 (Mo.App.1997) (*quoting N.R. v. A.D.,* 655 S.W.2d 733, 735 (Mo.App.1983)). A request for admission can be made as to the "truth of any matters within the scope of Rule 56.01(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact including the genuineness of any documents described in the request." Rule 59.01(a). A request for admissions under the rule can be made as to any disputed issue, whether evidentiary or elements of the burden of proof, as well as to any propositions not in genuine dispute, whether a matter of application of fact to law or opinion. *Linde v. Kilbourne,* 543 S.W.2d 543, 546 (Mo.App.1976).

A matter on which an admission is requested is deemed:

admitted unless, within thirty days after service of the request, or within such shorter or a longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but unless the court shortens the time, a defendant shall not be required to serve answers or objec-

tions before the expiration of sixty days after service of the summons and petition upon such defendant.

Rule 59.01(a). "Any matter admitted under this Rule 59.01 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 59.01(c). The matters admitted under the rule bind the party to whom the requests were addressed and eliminates the need for further proof of the matters admitted. *Killian Constr. Co. v. Tri–City Constr. Co.,* 693 S.W.2d 819, 827 (Mo.App.1985).

In its request for admissions, the appellant requested, *inter alia,* that the respondent admit or deny:

3. At [the respondent's] request, [the appellant] furnished to [the respondent] certain goods and merchandise from approximately May 1, 2000 through November 13, 2000.

4. [The appellant] charged a total of $32,120.56 for such goods and merchandise.

5. [The appellant's] charges were reasonable.

. . .

7. After all credits due [the respondent] from [the appellant] as of March 31, 2001, there is due and owing from [the respondent] on said account the sum of $26,581.61.

There is no dispute that the respondent, who was acting *pro se,* failed to file a timely answer to the appellant's request for admissions.[4] Thus, pursuant to Rule

---

4. As to the respondent's failure to file a timely answer to the appellant's request for admissions, the trial court, before evidence was adduced, stated for the record:

Now at this time, folks, based upon the circumstances here, normally, this is a situation where these [requests for admissions], if they're not answered within the—time that is permitted, these things would be

admitted, and, of course, if that then results in no genuine issue of material fact remaining, based upon those critical things being—being admitted for failure to answer within the time allotted by law.

Normally, the only way the Court can deal with this situation is if, for a good cause shown, additional time is provided to the parties in regard to these circum-

59.01(c), the respondent was deemed to have admitted that it owed the appellant $26,581.61, conclusively establishing that fact such that no further proof as to that issue was required at trial and entitling the appellant to a judgment in that amount, unless, as the rule provides, the trial court properly allowed the respondent to withdraw or amend its admissions, as the respondent contends on appeal. In so contending, the respondent argues that the trial court accepted Shaun Fagan's July 9, 2001, letter to the appellant, questioning the amount owed, as a motion to withdraw or amend its tacit admissions. The appellant contends, however, that the July 9, 2001, letter was simply a response to a proposed settlement agreement of the appellant and, therefore, could not be considered an implicit motion to amend or withdraw its admissions, such that the trial court could not treat it as such.

As to the withdrawal or amendment of an admission, Rule 59.01(c) reads: "Any matter admitted under this Rule 59.01 is conclusively established unless the court *on motion* permits withdrawal or amendment of the admission." (Emphasis added.) Giving the language used in the rule its plain and ordinary meaning, *In re A.S.O.,* 75 S.W.3d at 910, it is clear that the Missouri Supreme Court intended that, in order for there to be a withdrawal or amendment of an admission, the admitting party must make a motion to that effect. *Dana Commercial Credit Corp. v. Cukjati,* 880 S.W.2d 612, 615 (Mo.App.1994). In other words, the rule does not authorize the trial court to act *sua sponte* with respect to a withdrawal or amendment of an admission.

stances. And I haven't really heard anything at this time, folks, which would indicate to the Court that there is good cause for grant of additional time within which to answer these things.

The record indicates that the respondent never moved, expressly or implicitly, to withdraw or amend its admission that it owed the appellant $26,581.61. In addition, in entering its judgment for the appellant in an amount less than prayed for in the petition and the amount deemed admitted by the respondent, there is nothing in the record indicating that the court was ruling on a motion by the appellant to amend or withdraw its admissions, as provided in the rule. With regard to the appellant's request for admissions, the trial court stated for the record in finding for the appellant in an amount less than requested:

Also, I have here a matter in regard to admissions. I have here some information, apparently, that was coming from [appellant's counsel] dated July 9th, although it was out of time, but it looks like that is from Mr. Fagan. He's not a lawyer and under the circumstances there is some information the Court has in regard to an admission that he's made here in regard of the circumstances.

At this time based upon the circumstances and evaluation of the evidence that was presented by both sides, the Court's going to enter judgment in favor of [the appellant] at this time for the sum of $17,675, plus costs. And I am as well going to make a separate assessment in addition to attorney's fees at $400 in favor of [the appellant]. And that will be a total of $18,075.

This statement of the trial court, coupled with the court's earlier statement in regard to the appellant's motion for a directed verdict,[5] makes it apparent that the

5. The trial court, in addressing the representatives of the respondent with regard to the appellant's motion for a directed verdict, stated:

court was reluctant to enforce Rule 59.01, because the respondent was *pro se*, and then acted *sua sponte* in allowing the respondent to, in effect, withdraw and amend its admissions, so as to put in dispute the amount the respondent owed to the appellant. However, a *pro se* party is not excused from the requirements or effect of the rule, *Rhodes v. Blair*, 919 S.W.2d 561, 564 (Mo.App.1996), such that, without a motion to withdraw or amend its admissions being made and sustained, the respondent should have been precluded from disputing at trial the amount owed on account to the appellant.

 In regard to the respondent's contention that its July 9, 2001, letter to the appellant's counsel could be considered an implicit motion to amend or withdraw its admissions, we disagree. In reviewing the letter, it is obvious that it was nothing more than a response to the appellant's June 23, 2001, settlement negotiation letter. This is indicated in the first sentence of the letter, which reads: "I am responding to your letter dated 6/23/2001." As such, it is not surprising that the letter makes absolutely no mention of the request for admissions propounded by the appellant. Thus, it is apparent from the face of the letter that it was not a motion to amend or withdraw the respondent's admissions, and there is absolutely nothing in the record which would lead us to believe that the respondent ever moved to withdraw or amend its admissions such that the respondent was bound by its prior tacit admission that it owed the appellant the full amount of its claim.

In addition to its contention that the trial court properly allowed it to withdraw or amend its admissions in order to dispute the amount of the appellant's claim, the respondent also contends that the appellant is not entitled to the appellate relief it requests on the basis of its Rule 59.01 argument because it did not rely on the respondent's admissions at trial in that it chose to present evidence on the merits of its claim. In support of that contention, the respondent cites *Killian Constr. Co.*, 693 S.W.2d at 827–28, where this court was presented with the issue of whether a party may rely upon matters deemed admitted if that party presents evidence at trial contrary to those admissions. In *Killian*, this court held that a party who presents evidence at trial contrary to those matters deemed admitted puts those matters contained in the admissions in dispute, waiv-

---

But I want—want you to address—And here is what I'm trying to do to help you folks. Specifically, counsel has before the Court, a motion for directed verdict on the basis that there's no issue regarding the amount that's owed, because the amount owed is deemed admitted due to there not being an answer to the request for admissions within the time that's allotted by law.

There had been no requests presented to the Court prior to today's proceeding for an extension of time or for any good cause shown to support that extension of time. And so it's pretty much put the Court in a very difficult situation. It's not one that I—I'd at all like to observe.

. . .

And see that's the very difficult situation that is presented here. And it—It is one which I, as I said before, find a little troubling in light of the fact that there's a fairly substantial amount that's involved here.

Now I need to know what your response, then, is to what [the appellant's counsel] just said, and that is that he's entitled to directed verdict based upon the fact that there's been no response to those admissions—requested admissions.

Well, here's what I'm going to do, folks. Let me—Let me just do this. Okay. I'm going to go ahead—[The appellant's counsel] has presented here a motion. I'm going to, at this time, take that under advisement. I'm going to give you a chance to go ahead and tell the Court what you got to say. Okay. Because I'm—Y'all here. You obviously have something to say.

ing his or her right to rely on such admissions. *Id.*

Our case is distinguishable from *Killian* in that the appellant here did not present evidence at trial which was inconsistent with the matters deemed admitted as a result of the respondent's failure to respond to the appellant's request for admissions. In addition, there can be no argument that the appellant's presentation of evidence to prove its case indicated an intent not to rely on the respondent's tacit admissions. The record in our case clearly indicates that the appellant relied on the respondent's admissions at trial for judgment, and was forced by the trial court to present evidence after it overruled the appellant's motion for summary judgment and ordered the appellant to proceed to a trial on the merits. Thus, the appellant's presentation of evidence was coerced by the trial court's ruling and, as such, did not constitute an abandonment of the appellant's reliance on the respondent's admissions for judgment. *Research Hosp. v. Williams*, 651 S.W.2d 667, 668 n. 1 (Mo. App.1983).

Given the respondent's failure to file a timely answer to the appellant's request for admissions, which included a request for the respondent to admit or deny that it owed the appellant the full amount claimed in the appellant's petition, that matter was conclusively established and was not subject to dispute by the respondent at trial, unless a motion was made by the respondent to withdraw or amend its admissions and the motion was sustained by the trial court. As we discuss, *supra*, no such motion was ever made. Thus, the trial court, in accordance with Rule 59.01, was required to enter judgment for the appellant in the full amount of its claim. The trial court's failure to do so constituted reversible error.

Given our disposition of Point I, the appellant's claim of error in Point II is now moot, and we need not address it.

### Conclusion

The trial court's judgment[6] in favor of the appellant and against the respondent, awarding the appellant $17,675 on its suit on account, is reversed and the cause is remanded to the court with directions for it to enter judgment in favor of the appellant and against the respondent for $26,581.61, plus prejudgment interest in accordance with § 408.020.[7]

ULRICH, P.J., and SPINDEN, J., concur.

---

**6.** The trial court's award of attorney's fees of $400 to the appellant was not appealed and remains unchanged by our disposition in this appeal.

**7.** All statutory references are to RSMo 2000, unless otherwise indicated.