**Timothy GUERRA, Appellant,**

v.

**John FOUGERE, Respondent.**

No. WD 65658.

Missouri Court of Appeals,
Western District.

July 25, 2006.

Rehearing Denied Sept. 26, 2006.

Timothy Guerra, Bowling Green, MO, pro se.

Diane Peters, Jefferson City, MO, for respondent.

Before ELLIS, P.J., LOWENSTEIN and SPINDEN, JJ.

HAROLD L. LOWENSTEIN, Judge.

Timothy Guerra ("Guerra") appeals the trial court's dismissal of his petition for enforcement of sections 610.010 to 610.026, R.S. Mo.2004, against John Fougere. The trial court's judgment was a dismissal without prejudice and was not an adjudication on the merits. A dismissal without prejudice is not a final judgment and, therefore, is not appealable. Appeal dismissed.

### FACTUAL AND PROCEDURAL HISTORY

Timothy Guerra, an inmate incarcerated at Farmington Correctional Center, brought this action against John Fougere in the Circuit Court of Cole County petitioning the court for enforcement of sections 610.010 to 610.026, R.S. Mo.2004, and for imposition of a civil penalty pursuant to section 610.027.3. Fougere is the Public Information Officer for the Missouri Department of Corrections. Fougere moved to dismiss the action on the grounds that the trial court lacked subject matter jurisdiction and that the petition failed to state a claim upon which relief could be granted. On April 6, 2005, the trial court sustained the motion to dismiss and entered a judg-

ment of dismissal, without providing the specific grounds for its decision sustaining the motion and without indicating whether the dismissal was with or without prejudice. Guerra appealed.

When the trial court fails to specify its reason for dismissing the petition, it must be presumed the trial court acted for one of the reasons stated in the motion to dismiss. *Wineteer v. Vietnam Helicopter Pilots Ass'n,* 121 S.W.3d 277, 282 (Mo.App. W.D.2003). Since this is an appeal from a motion to dismiss for failure to state a claim upon which relief can be granted, this court takes as true the facts from Guerra's petition. *Jones v. Jackson County Circuit Court,* 162 S.W.3d 53, 56 (Mo. App. W.D.2005). The salient facts are as follows.

- On September 14, 2004, Guerra filed an informal resolution request with the Department of Corrections asserting, as a third party beneficiary of a contract between Correctional Medical Services (CMS) and the State of Missouri and the Department of Corrections, that CMS was in breach of contract for failing to provide adequate and necessary medical care to inmates.

- On October 12, 2004, Guerra requested, pursuant to section 610.010, R.S. Mo.2004, a copy of "the current and any previous contracts for medical services provided by any private contractor to inmates in Missouri prisons." The request was sent to Melody Griffin and Adrian Johnson at the Missouri Department of Corrections' Medical Contract Enforcement Unit. A response dated October 19, 2004, was sent from Judy Hudson, Assistant Director of Health Services for the Missouri Department of Corrections, to Guerra, informing him that her office addresses only concerns involving medical services provided and that she was forwarding his correspondence to John Fougere, Public Information Officer, who handles requests for information available to the public, and asking Fougere to respond to Guerra's request.

- By letter dated October 20, 2004, Fougere acknowledged Guerra's " 'Sunshine Law' " request for copies of the current and previous contracts for medical services provided by our private contractor (Correctional Medical Services)," and stated that "we will process your request upon receipt of a check" for copying and processing fees. On November 12, 2004, Guerra wrote a check from his inmate account in the amount requested.

- In a letter to Fougere dated November 19, 2004, Guerra alleged that he received a non-responsive mailing containing a request for proposals rather than the contracts requested. (In an affidavit, Fougere admitted that he inadvertently sent Guerra copies of documents not in compliance with his request.)

- On December 6, 2004, Guerra received from Fougere what he believed to be the contract he requested. (In his response to the motion to dismiss, Guerra contends that Fougere's response was incomplete in that certain contracts were not supplied.)

- On December 28, 2004, Guerra filed a pro se Petition for Enforcement of Sections 610.010 to 610.026, R.S. Mo.2004, naming Fougere as the respondent.

Fougere filed an Answer on February 1, 2005; and a Motion to Dismiss on March 21, 2005, in which he asserted as primary issues a lack of subject matter jurisdiction based on mootness in that the request had been fulfilled, and failure to state a claim upon which relief can be granted in that

the petition failed to allege that the records request was received by the custodian of records for the Department of Corrections. In a subsequent reply to Guerra's opposition to the motion to dismiss, Fougere attached an affidavit of James Mikulski, Director of the Division of Purchasing and Materials Management, who certified that his division is responsible for state purchases and any request for open records documentation of contracts awarded by his office, such as the contract for inmate medical care services with CMS, must be directed to his office. On April 6, 2005, the trial court sustained the motion to dismiss and entered a judgment of dismissal, without providing the specific grounds for its decision sustaining the motion and without indicating whether the dismissal was with or without prejudice. This appeal followed.

## POINT ON APPEAL

In his sole point on appeal, Guerra asserts in essence that the trial court erred when it sustained Fougere's motion to dismiss because his petition alleged a valid cause of action under the Sunshine Law in that (a) he requested a copy of public records, (b) the request was received by the custodian of records, and (c) the custodian did not respond to the request within three business days of its receipt.

## STANDARD OF REVIEW

■ When reviewing the grant of a motion to dismiss for failure to state a claim, the appellate court considers that:

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or

persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Jones,* 162 S.W.3d at 57 (quoting *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted)).

As stated in *Anderson v. Village of Jacksonville,* 103 S.W.3d 190, 194–95 (Mo. App.2003):

Three elements are required to state a cause of action under section 610.023.2, R.S. Mo.2000, where the basis for the claim is a governmental entity's refusal or failure to respond to a request made in accordance with the statute. The petitioner's petition must allege that (1) a request for access to a public record was made; (2) such request was received by the custodian of records; and (3) the custodian of records did not respond to the request within three business days of receiving the request.

## JUDGMENT IS NOT FINAL AND APPEALABLE

■ A reviewing court has a duty to determine its jurisdiction *sua sponte. Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). Here, the trial court dismissed Guerra's petition without indicating whether the dismissal was with or without prejudice. Under Rule 67.03, an involuntary dismissal is without prejudice unless designated otherwise. "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy,* 955 S.W.2d at 3. Only "[w]hen the effect of the order is to dismiss the plaintiff's action and not the pleading merely," is the judgment considered an adjudication on the merits—final and appealable. *Jones,* 162 S.W.3d at 57. The crux of the respondent Fougere's Motion to Dismiss is

that Guerra's petition fails to state a cause of action because it pleads that Guerra sent his request for access to Fougere, who is the is Public Information Officer, instead of to the custodian of records for the Missouri Department of Corrections. The trial court effectively ruled that Guerra failed to plead the required elements of his claim. Consequently, the judgment is not appealable. *Chromalloy*, 955 S.W.2d at 3.

This court notes that in Fougere's reply to Guerra's opposition to the motion to dismiss, Fougere attached an affidavit of Mikulski, who certified that his division is responsible for state purchases and any request for open records documentation of contracts awarded by his office, such as the contract for inmate medical care services with CMS, must be directed to his office. If, as Guerra contends, the documents Fougere did supply to him are not all of the past and present contracts for medical care for Missouri prisoners, Guerra now has the name and address of the person identified as the custodian of the records to which he desires access.

### CONCLUSION

The trial court's dismissal of Guerra's petition without prejudice is not a final judgment and, therefore, is not appealable. Appeal dismissed.

All concur.