**Harold ANDERSON, Appellant,**

v.

**VILLAGE OF JACKSONVILLE, Respondent.**

**No. WD 61389.**

Missouri Court of Appeals, Western District.

Jan. 31, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2003.

Application for Transfer Denied May 27, 2003.

Robert W. Wheeler, Keytesville, MO, for appellant.

Wayne E. Schirmer, Moberly, MO, for respondent.

Before: ROBERT G. ULRICH, P.J., HAROLD L. LOWENSTEIN and RONALD R. HOLLIGER, JJ.

ROBERT ULRICH, Judge.

### Factual and Procedural Background

Harold Anderson ("Mr.Anderson") brought this action against the Village of Jacksonville, Missouri (the "Village"), in the Circuit Court of Randolph County seeking damages for the Village's violation of the Sunshine Law, section 610.010 et seq., RSMo 2000. Mr. Anderson prayed for judgment against the Village for refusing to provide him with information regarding its ownership of certain real estate in breach of the Sunshine Law. His petition stated that the Village purposefully withheld the requested information from him and as such the Village was subject to civil fine, and he was entitled to reasonable attorney's fees. § 610.027.3, RSMo 2000. The Village moved to dismiss the action. A hearing was held, and on February 6, 2002, the trial court entered an order dismissing the petition for failure to state a claim upon which relief could be granted. This appeal followed.

Mr. Anderson has a business located in the Village. His business is situated on property that he leases from a railroad. The Village claimed to have purchased the property from the railroad. On July 27, 2001, Mr. Anderson's attorney pursuant to section 610.023.3, RSMo 2000, sent a letter to the Village's attorney, Wayne Schirmer ("Mr.Schirmer"), requesting proof of the Village's ownership of the property. Mr. Schirmer responded to Mr. Anderson's request for information via a letter faxed to Mr. Anderson's attorney on July 30, 2001. Mr. Schirmer's letter requested a copy of

the lease between Mr. Anderson and the railroad and a legal description of the property. He stated that he would contact the Village regarding Mr. Anderson's request once he received both items. At Mr. Anderson's request, the Attorney General sent a letter to the Village on August 14, 2001, requesting "any documentation of the city's ownership interest in current or former railroad property within the village limits of Jacksonville." The events that happened after that request are in dispute. Mr. Anderson claims that the Village did not respond to the Attorney General's request. The Village claims that it contacted the Attorney General's office via telephone to advise it that it was waiting for additional information from Mr. Anderson before replying to his request. No further communications between the Village and Mr. Anderson occurred. Mr. Anderson filed suit against the Village thereafter.

Mr. Anderson's petition contained two allegations. First, it alleged that two requests for documentation regarding the Village's ownership of the property were made. Second, the petition averred that the Village failed to respond to either request. The petition also alleged that the Village's failure to respond was purposeful, subjecting it to a civil fine and entitling Mr. Anderson to reasonable attorney's fees. § 610.027.3, RSMo 2000. As previously noted, the Village filed a motion to dismiss that the trial court sustained, and Mr. Anderson appeals the dismissal. The trial court's judgment did not provide the specific grounds for its decision sustaining the motion to dismiss.

### Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the plaintiff's petition. *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo.

banc 1993). For that reason, all averments in the petition are assumed to be true and are construed liberally and favorably to the plaintiff. *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993). No attempt is made to weigh the factual allegations contained in the petition to determine whether they are credible or persuasive. *Nazeri,* 860 S.W.2d at 306. Instead, "the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* If a petition states any set of facts which, if proved, entitles the petitioner to relief, it should not be dismissed for failure to state a claim. *Martin,* 848 S.W.2d at 489. This court only sustains the dismissal of a petition if the petitioner " 'fails to allege facts essential to a recovery.' " *Hayward v. City of Independence,* 967 S.W.2d 650, 653 (Mo.App. W.D.1998) (quoting *Klemme v. Best,* 941 S.W.2d 493, 495 (Mo. banc. 1997)).

Mr. Anderson's sole point on appeal is that the trial court erred in dismissing his petition because his petition alleged a valid cause of action under the Sunshine Law in that (a) Mr. Anderson made two requests for access to documentation regarding the Village's ownership of certain property; (b) the Village violated the Sunshine Law by refusing to provide access to the pertinent records within three business days of Mr. Anderson's request; and (c) the Village's actions in refusing access were purposeful thereby subjecting it to a civil fine and entitling Mr. Anderson to reasonable attorney's fees.

Initially, Mr. Anderson claims that the trial court erred in granting the Village's motion to dismiss because the Village failed to attach an affidavit or statement of uncontroverted facts to its motion. This argument fails because when ruling

on a motion to dismiss for failure to state a cause of action, a trial court may only consider the pleadings. *L.C. Dev. Co., v. Lincoln County,* 26 S.W.3d 336, 339 (Mo. App. E.D.2000) (quoting *Baker v. Biancavilla,* 961 S.W.2d 123, 126 (Mo.App. W.D. 1998)). The Village was not required to attach an affidavit to its motion. In reviewing a motion to dismiss, moreover, the court treats all facts alleged in the pleading as true. *Farm Bureau Town & Country Ins. Co. v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995). The fact that the Village did not attach a statement of uncontroverted facts to its motion is irrelevant because the trial court considered all of the facts in Mr. Anderson's petition as true. Thus, the trial court did not err in considering solely the pleadings in granting the motion to dismiss.

Mr. Anderson alternatively claims that the trial court should have treated the motion to dismiss as one for summary judgment because matters outside the pleadings were considered. Although it is true that if information outside of the pleadings is presented to and not excluded by the court, the motion to dismiss shall be treated as one for summary judgment, Mr. Anderson did not identify any evidence in the record on appeal of this occurring. Rule 55.27(a); *City of Chesterfield v. DeShetler Homes, Inc.,* 938 S.W.2d 671, 673 (Mo.App. E.D.1997). Mr. Anderson concedes, moreover, in his brief "that there was no evidence of any kind presented at the hearing for the Motion to Dismiss." Because no evidence outside of the pleadings was presented to the trial court, the motion was properly considered a motion to dismiss for failure to state a cause of action.

Language in the trial court's judgment implies that the court may have treated the motion to dismiss as one for summary judgment and, thereby, considered evidence pertinent to the allegations of the petition. The court stated: "the Court sustains the Defendant's Motion to Dismiss and judgment is granted to the Village of Jacksonville on the Petition for Damages for Violation of Sunshine Law as filed by the Plaintiff in the above styled case." The record does not support a conclusion that the trial court treated the motion to dismiss as a motion for summary judgment and considered evidence extraneous to the pleadings. The court's judgment granted the motion of the Village to dismiss the petition for failure to state a cause of action. Accordingly, this portion of the judgment should be deleted.

Mr. Anderson next claims that his petition alleged facts establishing a cause of action under the Sunshine Law, specifically section 610.023.3, RSMo 2000. To determine whether Mr. Anderson's petition stated a cause of action, pertinent provisions of section 610.023.3 RSMo 2000, are considered:

Each request for access to a public record shall be acted upon as soon as possible, but in no event later than the end of the third business day following the date the request is received by the custodian of records of a public governmental body. If access to the public record is not granted immediately, the custodian shall give a detailed explanation of the cause for further delay and the place and earliest time and date that the record will be available for inspection. This period for document production may exceed three days for reasonable cause.

Three elements are required to state a cause of action under section 610.023.3, RSMo 2000, where the basis for the claim is a governmental entity's refusal or failure to respond to a request made in accordance with the statute. The petitioner's petition must allege that (1) a request for access to a public record was made; (2)

such request was received by the custodian of records; and (3) the custodian of records did not respond to the request within three business days of receiving the request.

As to the first element, Mr. Anderson's petition alleged that two requests for information pertaining to the Village's ownership of certain real property were made, one to Mr. Schirmer, the Village's attorney, and one to the Village itself. The Village counters that this portion of Mr. Anderson's petition fails to state a claim because it is ambiguous. Specifically, the Village challenges the form of the allegation regarding Mr. Anderson's request for access. It claims that the petition alleged an inquiry into the Village's proof of ownership of the property rather than a request for information.

To determine whether the petition sufficiently alleged that a request for access to the Village's public record was made, paragraph three of the petition is examined, which states:

> That pursuant to 610.023, Plaintiff Harold Anderson requested *how* the Village of Jacksonville was claiming certain real estate in the Village of Jacksonville, Missouri; that attached hereto as Exhibit 1 and made a part hereof is [a] copy of [the] letter written by Robert Wheeler to Mr. Wayne Schirmer, as City Attorney for the Village of Jacksonville, dated July 27, 2001.

(emphasis added). The Village contends that the allegation contained in the petition is ambiguous because it does not state a request for access was made but rather poses a question to the Village's attorney, namely "how" the Village was claiming certain real estate. Because the allegation refers to the July 27, 2001, letter, its language is incorporated into the allegation. The relevant language from the letter re-

questing access to the Village's public records follows:

> We understand that the City of Jacksonville is claiming ownership of property that was previously leased by Mr. Anderson from the Railroad. Pursuant to 610.023 RSMo., we ask that the City of Jacksonville provide any *proof of ownership of property that is leased by Mr. Anderson.*

(emphasis added). The Village argues that a request for information regarding "property that is leased by Mr. Anderson" is .ambiguous. The Village also argues that the request was ambiguous because it did not contain a legal description of the property. It claims that the custodian of records could not initiate a search of the Village's records without the property's legal description.

 Whether Mr. Anderson's request for access was sufficient is a question of statutory interpretation. Statutory interpretation is a question of law. *Staley v. Mo. Dir. of Revenue,* 623 S.W.2d 246, 248 (Mo. banc 1981). When interpreting a statute, the plain and ordinary meaning of the words is considered. *Wheeler v. Bd. of Police Comm'rs of Kansas City,* 918 S.W.2d 800, 803 (Mo.App.1996). "The primary rule of statutory construction is to ascertain the intent of the Legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Id.* (quoting *Wolff Shoe Co. v. Dir. of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988)). "The entire statute should be construed to determine legislative intent, and all provisions should be harmonized, if reasonably possible." *Campbell v. Labor & Indus. Relations Comm'n,* 907 S.W.2d 246, 249 (Mo.App.1995).

Section 610.023.3, RSMo 2000, does not define the term "request." When a statute does not define a term, the plain and

ordinary meaning of the word is applied. § 1.090, RSMo 2000. The plain and ordinary meaning of the word is derived from the dictionary. *Martinez v. State,* 24 S.W.3d 10, 16 (Mo.App. E.D.2000) (citing *Abrams v. Ohio Pac. Express,* 819 S.W.2d 338, 340 (Mo. banc 1991)). Request is defined as "[a]n asking or petition." BLACK'S LAW DICTIONARY 1304 (6th ed.1990). The statute does not contain any specific requirements regarding the request. For example, the statute does not specifically require that the request be in writing. The statute does require, however, that the communication express "a request for access to a public record," whether using the words "request for access" or others, that a reasonable person would understand to be "a request for access to public records." § 610.023.3, RSMo 2000.

Also considered is the public policy underlying the Sunshine Law, which is to insure that citizens have access to the public records of governmental entities. The General Assembly expressed its intent that the statute be liberally applied, stating:

> It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.

§ 610.011.1, RSMo 2000; *see also News–Press & Gazette Co. v. Cathcart,* 974 S.W.2d 576, 578 (Mo.App. W.D.1998). Although liberal access to public governmental records is the state's expressed policy, one seeking access to public records must communicate a request in language that a reasonably competent custodian of the records would understand. The custodian must be able to identify records with reasonable specificity in order to be able to provide access to them.

Mr. Anderson references his letter in his petition as Exhibit 1 and incorporates it by reference. Through his counsel's letter, he requested "that the City of Jacksonville provide any proof of ownership of property that is leased by Mr. Anderson." The communication does not seek access to any expressed specific record. Alone, the phrase would seem to request "ownership of property that is leased by Mr. Anderson." The phrase lacks sufficient specificity to expect a reasonably competent custodian of the Village's records to know what public records Mr. Anderson seeks. Such request would require the Village to conduct research in behalf of Mr. Anderson to determine what leases he has entered into and then to determine what public records provide proof of ownership of property leased by him. The statute does not contemplate such effort by the custodian of the Village's records. The statute does not require that the custodian of public records perform more than to provide access to records for which access is sought.

While the statute does not compel that the recipient custodian solve a mystery to understand the request, the state's policy of openness of public records and the expressed legislative intent that the statute be liberally applied requires a reasonable attempt by the custodian to understand the request by considering the entire communication. Mr. Anderson's letter contains a sentence immediately preceding the request that states: "We understand that the City of Jacksonville is claiming ownership of property that was previously leased by Mr. Anderson from the Railroad." The language of this sentence and the words expressing the request do not sufficiently specify the records for which access is sought.

The petition asserting the claim under the Sunshine Law must sufficiently inform

the reader that a request for access to reasonably identifiable public records was made to permit the custodian of the records to recognize them. This is true even when the request is made to a custodian of records in a small community. Mr. Anderson argues that the Village knew which property his letter referenced. Although the Village may be a relatively small community where community knowledge may include "property that was previously leased by Mr. Anderson from the Railroad," the language of Mr. Anderson's letter, on its face, fails to state a request for access. Accordingly, the letter sent in behalf of Mr. Anderson, incorporated by reference as a part of his petition, did not adequately identify the records for which he wanted access. If Mr. Anderson's petition relied only on his letter to the Village's legal counsel, his petition would have failed to state a cause of action.

The Attorney General also wrote a letter in Mr. Anderson's behalf that is referenced in his petition as Exhibit 3. The Attorney General's letter stated that Mr. Anderson was "interested in documentation of the village's (sic) ownership in the former railroad right-of-way." The Attorney General's letter provided sufficient information for the request to access certain of the Village's records to be understood and identified by a reasonable records custodian. Thus, combining the information contained in both letters referenced in the petition, Mr. Anderson's counsel's letter and the Attorney General's letter, the Village cannot claim that it did not understand that Mr. Anderson was seeking access to records regarding the Village's ownership of a former railroad right of way that Mr. Anderson was leasing from the railroad. While the Village may not yet have sufficient information to know exactly which property Mr. Anderson leased or had leased, it had sufficient information to permit access to "documentation of the Village's ownership in the former railroad right-of-way." Considering the relatively small area of the Village, the right-of-way is reasonably ascertainable for the purpose of permitting the records custodian to locate the specific documents so that Mr. Anderson can view and copy them. For that reason, although paragraph three of Mr. Anderson's petition may have been better stated, it, coupled with the two letters, conveys that he sought access to public records regarding the Village's claim of ownership of property upon which a railroad right-of-way had existed and that he was leasing or had leased from the railroad.

The Village also takes issue with the fact that Mr. Anderson's request did not contain a legal description of the property. Section 610.023.3, RSMo 2000, does not mandate, however, that a legal description accompany a request for access to records regarding real property. No cases addressing this issue in the context of the Sunshine Law have been found. However, the type of legal description required in a contract for the sale of real property has been defined. It is well settled that:

> For specific performance to be granted in regard to property a technical, legal description is not a strict necessity. The contract in question must either designate or describe the land with accuracy and certainty or provide a way for the identification of that land to be perfected by parol evidence.

*Vaughn v. Willard,* 37 S.W.3d 413, 415 (Mo.App. S.D.2001). In Missouri, "[t]he land need not be fully and actually described in the paper so as to be identified from a mere reading of the paper; but the writing must afford the means whereby the identification may be made perfect and certain by parole evidence." *Herzog v.*

*Ross,* 355 Mo. 406, 196 S.W.2d 268, 270 (banc 1946). "[A] writing sufficiently identifies the property if it provides the key to identification of the land." *Crawford v. Detring,* 965 S.W.2d 188, 192 (Mo.App. E.D.1998) (holding that the legal description "farm" was sufficient because the evidence established that the seller owned one farm).

In this case, Mr. Anderson's letter referenced the fact that the Village was claiming ownership of property that he had previously leased from the railroad. His initial request did not, however, contain a legal description of the property. Because the Sunshine Law does not require a request for access regarding real property contain a legal description, Mr. Anderson's failure to include one in his initial request is not fatal. His petition does not fail to state a cause of action because his request for access did not contain a legal description.

■ The second element of a cause of action under section 610.023.3, RSMo 2000, necessitates that the request be received by the custodian of records. The Village asserts that Mr. Anderson's petition failed to state a cause of action because it pleads that Mr. Anderson sent his request for access to Mr. Schirmer, the Village's attorney, instead of to the Village's custodian of records. Section 610.023.1, RSMo 2000, provides that "[e]ach public governmental body is to appoint a custodian who is to be responsible for the maintenance of that body's records. The identity and location of a public governmental body's custodian is to be made available upon request." The term "custodian" is not defined in the statute. As the term is not defined, a dictionary must be consulted. *Martinez,* 24 S.W.3d at 16. A custodian is defined as "[a] person or institution that has charge or custody of property, papers, or other

valuables." BLACK'S LAW DICTIONARY 390 (7th ed.1999).

Neither the trial court's findings nor the record establish the custodian of the Village's records. The statute provides that the request for access is to be *"received by the custodian of records* of a public governmental body." (emphasis added) § 610.023.3, RSMo 2000. The requester's burden includes ensuring that the request for access to records gets to the custodian of records. The custodian of records is identified by section 610.023, RSMo 2000, as the single recipient for all requests for access to a governmental body's records. Here, the petition does not allege that the custodian of records received the request. Mr. Anderson's attorney sent the request to the Village's attorney. Mr. Anderson asserts in paragraphs number 3, 5, and 6 of his petition that his and the Attorney General's letters were communicated to the attorney for the Village and that the Village did not respond within three business days. He does not, however, assert that the custodian of records received the requests.

Mr. Anderson's failure to assert that the custodian of records did not receive the request but that the request was sent to the Village's attorney was not necessarily fatal. Although the statute provides for receipt of the request by the custodian or records, some situations, properly asserted in plaintiff's petition, would comply both with the intent for notice contemplated by the statute and the liberal construction desired by the legislature. Without asserting in the petition that the custodian of records received the request and did not respond as required by the statute, the petition is deficient unless the petitioner asserts facts that would support a finding by the finder of fact that the governmental entity's conduct through its agent thwart-

ed or precluded compliance with the statute.

Whether the conduct of the Village, acting through its attorney, Mr. Schirmer, thwarted or precluded Mr. Anderson's compliance with the statute is examined. Mr. Anderson's letter was sent to Mr. Schirmer, legal counsel for the Village.[1] Mr. Schirmer could have informed Mr. Anderson that he was not the custodian of the Village's records and directed him to the proper person. Instead, Mr. Schirmer responded to Mr. Anderson's attorney by letter within three days after Mr. Anderson's letter was mailed asking for a copy of Mr. Anderson's lease with the railroad with the legal description. He stated that upon receipt of the requested item that he would provide the Village with the request. Mr. Schirmer did not receive a response to his letter. As noted earlier, the Attorney General sent a letter on behalf of Mr. Anderson requesting the same information. At that time, the Village claims that it contacted the Attorney General via telephone to advise it that it was waiting for Mr. Anderson to provide it with additional information before replying to his request. Mr. Schirmer sought additional information on behalf of the Village that would have clarified Mr. Anderson's request and would have facilitated an answer to his request. The information that Mr. Schirmer sought would have permitted the Village to provide access to the records that would have satisfied Mr. Anderson's inquiry. The factual assertions within the petition do not claim facts to support that either Mr. Schirmer or the Village thwarted or impeded Mr. Anderson's attempted request or the Attorney General's request. Thus, Mr. Anderson's petition fails to assert a claim upon which relief can be granted.

The third and final requirement of the statute is that the custodian of records respond "as soon as possible but in no event later than the end of the third business day following the date that the request is received." § 610.023.3, RSMo 2000. The statute endorses that the requester shall receive a rapid response. A valid request shall receive a response "as soon as possible." The statute compels a response no later than the end of the third business day after the request, provided, however, that the three days runs from receipt of the request by the records custodian. A reasonable reading of the statute means that until the custodian of records receives the request, the three-day response requirement is not triggered. This is logical considering that the custodian of records has legal custody of the records and is best able to respond to the requester as to the existence and location of records for which access is sought. In this case, Mr. Anderson did not allege that the custodian of records received his request for access. Thus, the statutory timeframe required by section 610.023.3, RSMo 2000, was never triggered. Mr. Anderson's failure to assert in his petition that the custodian of records received the request and did not respond as required by the statute renders his petition deficient. For that reason, Mr. Anderson's petition fails to state a claim.

Mr. Anderson's final contention is that the Village's actions in denying him access to the records was purposeful thereby subjecting it to a fine and entitling him to reasonable attorney's fees. § 610.027.3, RSMo 2000. As the other issues raised by Mr. Anderson were dispositive, this issue is not addressed.

---

1. Mr. Anderson's attorney could have requested the custodian's name pursuant to section 610.023.1, RSMo 2000, to ensure that the letter was directed to the proper person.

Mr. Anderson's petition failed to state a cause of action upon which relief could be granted. The trial court is directed to strike that portion of the judgment stating "... and judgment is granted to the Village of Jacksonville on the Petition for Damages for Violation of Sunshine Law as filed by the Plaintiff in the above styled case." In all other respects, the judgment of the trial court dismissing Mr. Anderson's petition without prejudice is affirmed.

All concur.