Douglas L. **PENNINGTON**, Appellant,

v.

Mark **DOBBS** and Danny **Whiteley**, Respondents.

No. 28388.

Missouri Court of Appeals, Southern District, Division One.

Oct. 16, 2007.

---

Douglas L. Pennington, Forest City, AR, pro se.

D. Keith Henson, Paule, Camazine & Blumenthal, St. Louis, for Respondent Mark Dobbs.

Wallace L. Duncan, Duncan & Pierce, Poplar Bluff, for Respondent Danny Whiteley.

DANIEL E. SCOTT, Judge.

Appellant, a federal inmate in Arkansas, filed a *pro se* petition against Respondents Dobbs ("Sheriff") and Whiteley ("Police Chief"), alleging noncompliance with Sunshine Law[1] requests for records from their respective departments.

---

1. RSMo. § 610.010 et seq., although containing no "title" provision, is commonly called the Sunshine Law. *Oregon County R–IV*

Respondents filed separate motions to dismiss. Police Chief denied he was custodian of the records sought from him. Sheriff—who neither admitted nor denied he was custodian of his records—acknowledged Appellant's requests, but claimed they should have been addressed to the "Custodian of Records for Butler County, Missouri and/or the Butler County Sheriff's Department." Each Respondent contended Appellant's petition failed to state a claim against him.[2]

The trial court granted Respondents' motions by docket entry. We dismissed Appellant's appeal for want of a final judgment. At Appellant's insistence, the trial court entered a formal order and judgment dismissing the case with prejudice, from which Appellant now appeals.

■ Although Appellant's appeal points violate Rule 84.04(d),[3] we can discern that Appellant believes his petition states a claim against each Respondent. A petition's sufficiency to state a claim falls within an exception to our rule against considering improperly briefed allegations of error. Rule 84.13(a). Accordingly, we proceed to consider whether the petition states a claim against either Respondent.

## Legal Principles

■ The Sunshine Law requires each public governmental body to appoint a custodian of its records and, upon request, make available the custodian's identity and location. Section 610.023.1. By statute, therefore, the custodian of records is identified as the single recipient for all requests for access to a governmental body's records. *Anderson v. Village of Jacksonville,* 103 S.W.3d 190, 198 (Mo.App.2003). The custodian must act on a records request within three business days after receiving it. Section 610.023.3. Accordingly, Appellant's claim has three elements. His petition needed to allege (1) his request for access to a public record; (2) the custodian of records received the request; and (3) the custodian did not respond within three business days thereafter. *Anderson,* 103 S.W.3d at 194–95.

■ A motion to dismiss for failure to state a claim is solely a test of the petition's adequacy. *Id.* at 193. The petition's averments are assumed true and construed liberally and favorably to the plaintiff, with no attempt made to determine if they are credible or persuasive. *Id.* "Instead, 'the petition is reviewed in an almost academic manner'" to determine if its allegations meet the elements of a recognized or potential cause of action. *Id., quoting Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). To reiterate, a court reviewing a motion to dismiss treats all facts alleged as true. *Anderson,* 103 S.W.3d at 194.

## Count I—*Appellant v. Sheriff*

■ With respect to Count I, Appellant's petition alleges that Sheriff is a public governmental body under the Sunshine Law[4] and "the custodian of the records of

---

*School Dist. v. LeMon,* 739 S.W.2d 553, 555 (Mo.App.1987).

2. Police Chief also claimed Appellant failed to join the records custodian for the City of Poplar Bluff ("City") as a necessary party under Rule 52.04.

3. Unless otherwise indicated, rule references are to Missouri Rules of Court (2007), and statute references are to Missouri Revised Statutes (2000).

4. *Charlier v. Corum,* 774 S.W.2d 518 (Mo.App. 1989) so holds.

his office." In 2005, Appellant made three written requests to Sheriff for public records. Sheriff answered the first request by his signed letter stating:

> I received your letter and suggest you research the Sunshine Law. It is my belief that all the things your [sic] are asking for are NOT under the Sunshine Law. Moreover, I lack the legal jurisdiction to give you those items without the consent of the courts.

Sheriff did not respond to Appellant's two subsequent requests.

These allegations, if considered true and construed liberally and favorably, state the elements of Appellant's claim against Sheriff. *Anderson*, 103 S.W.3d at 194–95. Thus, the trial court erred in dismissing Appellant's Count I claim.

Sheriff complains that Appellant addressed his requests to Sheriff, rather than to Sheriff "as the 'custodian of records.'" As we understand this argument, a public governmental body could ignore a Sunshine Law request addressed to the body and received by its appointed custodian, if the requestor failed to "direct" his request to the "custodian of records" as such. Sheriff erroneously cites *Anderson* for the proposition that "a necessary element" of Appellant's claim "is that his written requests were directed to, and received by" the custodian of records. There is no "directed to" requirement in *Anderson's* three elements or the statute;

only "received by." *See Anderson*, 103 S.W.3d at 194–95, 198; Section 610.023.3.

### Count II—*Appellant v. Police Chief*

■ In contrast to Count I, Appellant does not allege that Police Chief or the City's police department is a public governmental body, or that Police Chief is the custodian of records of any such body.[5] Indeed, Appellant pleads that he requested records from Police Chief "in his capacity as Chief of Police," not as the custodian of records.

Under Section 610.023, as previously noted, the custodian of records is the single recipient for all requests for a governmental body's records. *Anderson*, 103 S.W.3d at 198. Count II is fatally flawed for failing to allege that Appellant's request was received by this custodian:

> The statute provides that the request for access is to be *"received by the custodian of records* of a public governmental body." (emphasis added) 610.023.3, RSMo 2000. The requester's burden includes ensuring that the request for access to records gets to the custodian of records.

*Anderson*, 103 S.W.3d at 198. Count II was properly dismissed.[6]

### Conclusion

We affirm the judgment insofar as it dismisses Count II and the claims therein against Police Chief. Otherwise, the judgment is reversed and the case remanded for further proceedings not inconsistent

---

**5.** The petition alleges that Police Chief has custody, possession, care, and control of certain public records, but this characterization fits many public employees who are not designated as a Section 610.023 "custodian of records." Police Chief claims that, by ordinance in conformance with Section 610.023.1, the

City Clerk is the City's appointed custodian of records for Sunshine Law purposes.

**6.** *Anderson* recognizes that failure to plead the custodian's receipt would not be fatal if the governmental body or its agents impeded compliance with the statute. 103 S.W.3d at 199. Appellant does not so allege and the

with this opinion.[7]

PARRISH, P.J., and BATES, J. concurs.

record, at least with respect to Count II, suggests the contrary.

7. We would be remiss if we did not note that two years of preliminary legal skirmishing, including three trips to this court, might have been avoided had Appellant merely asked Sheriff and City for the names and addresses of their respective custodians—information that Section 610.023.1 requires them to provide without any need for litigation.