

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| PATRICK STARR, MAURICE CHARLES, and LEE FRANCIS, | ) ) ) | |
| Appellants, | ) ) | **WD83634** |
| v. | ) ) | |
| | ) ) | **OPINION FILED:** |
| JACKSON COUNTY PROSECUTING ATTORNEY, | ) ) ) | **September 14, 2021** |
| | ) ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Charles H. McKenzie, Judge**

**Before Division Two:** Thomas N. Chapman, Presiding Judge, and
Karen King Mitchell and Anthony Rex Gabbert, Judges

Patrick Starr, Maurice Charles, and Lee Francis (collectively, Requestors) appeal the judgment in favor of the Jackson County Prosecuting Attorney (Prosecutor) in Requestors' lawsuit alleging violations of Missouri's Sunshine Law, §§ 610.010-610.035.[1] Requestors raise one point on appeal; they argue that the court erred in granting judgment as a matter of law in favor of Prosecutor because Requestors proved all three elements required to establish a Sunshine Law

---

[1] All statutory references are to the Revised Statutes of Missouri Supp. 2017.

violation under § 610.023.3, including substantial compliance with the second element—receipt of their records requests by the designated custodian of records. Finding no error, we affirm.

## Background

On May 8, 2018, Requestors filed a petition alleging knowing or purposeful violations of the Sunshine Law by Prosecutor and seeking civil penalties and attorneys' fees and costs, among other relief. The petition alleged that, on May 3, 2017, Francis, through counsel, mailed a written request for all documents pertaining to *State v. Lee S. Francis*, Case Number 16CR93001990, to "Records Department, Jackson County Prosecutor's Office." On October 18, 2017, Starr, through counsel, mailed a written request for all documents related to *State v. Patrick W. Starr*, Case Number CR94-2462, and any audio or video tapes that were introduced into evidence in his case. Starr's request was addressed to "Jackson County Prosecutor's Office, Attention: Trista Davies." And, on November 1, 2017, Charles, through counsel, mailed a written request for all documents pertaining to *State v. Maurice R. Charles*, Case Numbers 16CR99000709 and 16CR99000709-01, to "Jackson County Prosecutor's Office, Records Department."

According to the petition, Requestors' counsel provided copies of their requests, via email, to Trista Davies, Executive Assistant to the Deputy Prosecutor, on January 9, 2018, and contacted her several times thereafter by e-mail and telephone to inquire about the status of the requests. The petition alleged that Davies was the custodian of records. As of May 8, 2018, the date they filed their petition, Requestors had not received the requested documents. On December 7, 2018, the Jackson County Prosecuting Attorney's Office notified Requestors that the documents were available for their review and that the cost associated with the requests was $591.52.

2

A bench trial was held on October 29, 2019.[2] Davies testified that she "handled Sunshine Law requests or record requests along with other members of the executive staff," but she was not the custodian of records for the Prosecutor's office. Davies, a paralegal, was responsible for gathering records that may be responsive to a request, scanning them, and flagging those that might be closed. But it was not her job to determine which records were subject to release under the Sunshine Law; those decisions were made by attorneys on the office's executive staff. Davies received the three records requests at issue here as attachments to an email from Requestors' counsel on January 9, 2018. She denied having received any of the records requests previously. After receipt of the email, she requested the files from archives that same day. Davies spoke with Requestors' counsel several times regarding the status of their requests, and Davies never intentionally avoided returning counsel's calls. The requests generated six boxes of documents, and Davies asked for help with scanning the documents, but workload demands and a temporary medical absence prevented her from producing the documents before she left her employment at the Prosecutor's office on June 9, 2018.

Requestors' counsel—Taylor Rickard and Kent Gipson—also testified. Rickard testified that she contacted Davies because Davies had been the point of contact for an earlier Sunshine Law request filed by counsel. Rickard acknowledged receipt of an email dated December 7, 2018, indicating that the total cost for the requests was $591.52 and that the records were ready to be picked up. Gipson testified that he had previously submitted a records request in another case to Prosecutor and Davies contacted Gipson, so "from that day forward[, he] assume[d] that [Davies] was the go[-]to person in their office for document requests." Although both Rickard and Gipson

---

[2] Although the petition sought an injunction directing Prosecutor to make the requested records available, because access to the records was provided in December 2018, the trial focused on penalties and attorneys' fees for the alleged violations of the Sunshine Law.

testified that Davies was not responsive to their calls and e-mails seeking updates, neither Rickard nor Gipson contacted Prosecutor about the requests.

At the conclusion of the trial, Prosecutor moved for judgment as a matter of law under Rule 73.01(b), and the court took Prosecutor's motion under advisement. Prosecutor argued that Requestors failed (1) to file their requests with the custodian of records, as required by the Sunshine Law; and (2) to show a knowing or purposeful violation of the law. Requestors filed an opposition, arguing that (1) they submitted their requests to the custodian of records because Davies had apparent authority to act as the custodian; and (2) they substantially complied with the Sunshine Law's requirement to direct requests to the custodian of records. Prosecutor filed a reply to Requestors' opposition.

On January 23, 2020, the court issued its judgment granting Prosecutor's motion for judgment as a matter of law. The court took judicial notice of Chapter 12 of the Jackson County Missouri Code, effective June 8, 2015. Section 1203.02 of the Code states, in relevant part, the "Prosecuting Attorney . . . or [her] duly appointed designee[], pursuant to section 1204.2, [is] the Custodian of [her] own Records."[3] And the court concluded that one of the necessary statutory elements to establish a violation of the Sunshine Law is receipt of the records request by the custodian of records. Because Requestors did not prove that their requests were received by Prosecutor, the court concluded that Prosecutor was entitled to judgment as a matter of law. Requestors appeal.

---

[3] Section 1204.2 of the Code allows the custodian of records to designate in writing a records coordinator to manage and maintain public records; any such designation must be filed with the clerk of the legislature. The parties agree that, for purposes of this case, Prosecutor did not exercise her authority to designate a records coordinator under Section 1204.2.

**Standard of Review**

Rule 73.01(b) states, in pertinent part, "[a]fter the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief." We treat a dispositive motion made after the close of plaintiff's evidentiary presentation as a judgment on the merits. Thus, we will affirm the trial court's judgment granting a Rule 73.01 motion "unless we find that 'there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Sw. Bell Tel. Co. v. Ahrens Contracting, Inc.*, 366 S.W.3d 602, 606 (Mo. App. E.D. 2012) (citing *Nautilus Ins. Co. v. I-70 Used Cars, Inc.*, 154 S.W.3d 521, 527 (Mo. App. W.D. 2005)). When presented with an issue involving mixed questions of law and fact, we defer to the factual findings made by the trial court, so long as they are supported by competent substantial evidence, but we review *de novo* the application of the law to those facts. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012).

**Analysis**

Missouri's Sunshine Law directs that "records . . . of public governmental bodies be open to the public unless otherwise provided by law." § 610.011.1. Section 610.023 states, in pertinent part,

> 1. Each public governmental body is to appoint a custodian who is to be responsible for the maintenance of that body's records. The identity and location of a public governmental body's custodian is to be made available upon request.
>
> . . .
>
> 3. Each request for access to a public record shall be acted upon as soon as possible, but in no event later than the end of the third business day following the date the request is received by the custodian of records of a public governmental body. . . . If access to the public record is not granted immediately, the custodian shall give a detailed explanation of the cause for further delay and the place and earliest time

5

and date that the record will be available for inspection. This period for document production may exceed three days for reasonable cause.

Where a public governmental body allegedly refuses or fails to respond to a statutorily compliant request, a Sunshine Law violation exists if the following elements are present: "(1) a request for access to a public record was made; (2) such request was received by the custodian of records; and (3) the custodian of records did not respond to the request within three business days of receiving the request."[4] *Anderson v. Jacksonville*, 103 S.W.3d 190, 194-95 (Mo. App. W.D. 2003). The focus of this appeal is on whether Requestors proved the second element of a Sunshine Law violation—receipt of their requests by the custodian of records.[5] The trial court concluded that Requestors failed to prove that element. We agree.

"The second element of a cause of action under [§] 610.023.3 . . . necessitates that the request be received by the custodian of records." *Anderson*, 103 S.W.3d at 198. "The custodian of records is identified by [§] 610.023 . . . as the single recipient for all requests for access to a governmental body's records." *Id.*; *see also State ex rel. Daly v. Info. Tech. Servs. Agency of St. Louis*, 417 S.W.3d 804, 809 (Mo. App. E.D. 2013) (The plain and ordinary meaning of § 610.023 "reveals the intent of the General Assembly in enacting this statute that the custodian of records of an agency is the gatekeeper of that agency's records."). "The requestor's burden includes ensuring that the request for access to records gets to the custodian of records." *Anderson*, 103 S.W.3d at 198.

---

[4] The "period for document production may exceed three days for reasonable cause." § 610.023.3.

[5] The parties do not dispute that the Jackson County Prosecutor's Office is a public governmental body, that it has public records, and that Requestors sought access to those records. The third element—response within three business days of receipt—does not come into play until the second element—receipt by the custodian of records—is satisfied. "A reasonable reading of the statute means that until the custodian of records receives the request, the three-day response requirement is not triggered." *Anderson v. Jacksonville*, 103 S.W.3d 190, 199 (Mo. App. W.D. 2003). Thus, whether the delay in responding was reasonable is not at issue here.

Here, the evidence does not show that Prosecutor, as the custodian of records for the Jackson County Prosecuting Attorney's Office, received the requests. Requestors' counsel testified that between May 3 and November 1, 2017, they mailed three records requests to the Jackson County Prosecutor's Office. The requests were addressed to "Records Department, Jackson County Prosecutor's Office," "Jackson County Prosecutor's Office, Attention: Trista Davies," and "Jackson County Prosecutor's Office, Records Department." There is no evidence that these letters were received by the Prosecutor's office until they were attached to an email sent to Davies in January 2018. It is undisputed that Davies, who had previously worked on records requests submitted by Requestors' counsel in two other cases, was not the custodian of records.

Requestors argue that the requirements of the Sunshine Law were satisfied because Davies had apparent authority to act as the custodian of records for the Jackson County Prosecutor's Office. Apparent authority exists where a principal, either by her acts or representations, leads third parties to believe that authority has been given to an agent. *Link v. Kroenke*, 909 S.W.2d 740, 745 (Mo. App. W.D. 1995).

> To establish a purported agent's apparent authority, the person relying on such authority must show that (1) the principal manifested his consent to the exercise of such authority or knowingly permitted the agent to assume the exercise of such authority; (2) the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, and actually believed, the agent possessed such authority; and (3) the person relying on the appearance of authority changed his position and will be injured or suffer loss if the transaction executed by the agent does not bind the principal.

*Earl v. St. Louis Univ.*, 875 S.W.2d 234, 238 (Mo. App. E.D. 1994).

To support their apparent authority argument, Requestors assert that Davies previously responded to Sunshine Law requests filed by counsel in two different matters, so counsel "assume[d] that [Davies] was the go[-]to person in their office for document requests." Requestors offer no evidence that Prosecutor communicated, either directly or indirectly, to counsel that

7

Davies was authorized to act as custodian of records. The parties agree that Prosecutor did not exercise her authority to designate Davies as records coordinator under Section 1204.2 of the Jackson County Code. And simply serving as the contact person on prior Sunshine Law requests is an insufficient basis to find apparent authority. Thus, Requestors failed to meet their burden to show that Davies had apparent authority to act as the custodian of records.

Alternatively, Requestors argue that they substantially complied with § 610.023.3 by delivering their requests to Davies. As Requestors note, however, no Missouri court has addressed substantial compliance in the Sunshine Law context. And we do not find the cases cited by Requestors addressing substantial compliance in other contexts—the specificity required to preserve a claim on appeal in a criminal case, the timeliness of *pro se* Rule 29.15 motions, and notice under the Interstate Agreement on Detainers—relevant here. Thus, Requestors fail to identify any authority for adoption of a substantial compliance standard in this case, and we decline to adopt such a standard on the record before us.

Section 610.011.1 provides that the Sunshine Law is to be liberally construed to promote the public policy that "records . . . of public governmental bodies be open to the public unless otherwise provided by law." But liberal construction of the Sunshine Law does not warrant acceptance of Requestors' substantial compliance argument in this case. In analyzing Chapter 610's requirement that the custodian of records receive a records request, we must consider the purpose the requirement serves. The Sunshine Law places a burden on public governmental bodies to respond fully and in a timely fashion to a records request. But the law also requires that those seeking public records do so in a way that puts the public governmental body on notice of the request. *Anderson*, 103 S.W.3d at 199. As this court noted in *Anderson*, the purpose of the requirement that requests for records be received by the designated custodian of

records is to ensure a single recipient of all records requests can act as gatekeeper for the agency's records. *Id.* at 198. Requiring that open records requests are received by a designated person with authority to act facilitates both placing the public entity in the best position to fulfill its obligations and holding the entity responsible if it fails to comply. Even where, as here, the custodian of records is the head of the public governmental body to which a request is made, sending the request to a member of the office's staff, other than the custodian of records, does not facilitate timely, consistent compliance or guarantee that the public governmental body is on notice of the request.[6] The burden placed on those requesting public records is minimal and easily met. Section 610.023.1 requires that a public governmental body make the identity of its custodian of records available upon request. Although the Requestors were represented by counsel, who made frequent Sunshine Law requests, Requestors' counsel acknowledged that he never sought the identity of the Jackson County Prosecutor's Office custodian of records and, instead, simply assumed that Davies was the custodian.

That is not to say that the failure to prove that a Sunshine Law request was received by the designated custodian of records is "necessarily fatal" to an action under § 610.023.3. *Id.* at 198. The "intent for notice contemplated by the statute and the liberal construction desired by the legislature" could support an action for a violation of the Sunshine Law, even when the custodian of records did not receive the request, if the facts supported a finding that the "governmental entity's conduct through its agent thwarted or precluded compliance with the statute." *Id*. at 198-99. No such allegation was made in Requestors' briefs but, at oral argument, Requestors'

---

[6] While Chapter 610 does not dictate specific procedures for handling Sunshine Law requests, requiring that the designated custodian receive requests facilitates best practices, such as maintaining a log of requests and a calendaring system for responsive deadlines. In a large public office like the Jackson County Prosecutor's Office, such practices not only increase the likelihood of statutory compliance but also make it easier to prove a knowing or purposeful violation.

counsel argued that Davies's less-than-diligent attempts to respond to the requests thwarted their compliance with the statute. We disagree. There is no evidence that Davies identified herself as the custodian of records, and her attempts to respond to the requests, even if inadequate, did not prevent Requestors' counsel from identifying the custodian of records.

Point I is denied.[7]

### Conclusion

Because Requestors failed to show receipt of their requests by the custodian of records, the trial court did not err in granting judgment in Prosecutor's favor. The judgment is affirmed.

_____
Karen King Mitchell, Judge

Thomas N. Chapman, Presiding Judge, and Anthony Rex Gabbert, Judge, concur.

---

[7] In the argument section of their brief, Requestors also assert that they are entitled to civil penalties and attorneys' fees and costs because Prosecutor knowingly and/or purposefully violated the Sunshine Law. In light of our conclusion that Requestors failed to meet the second element required to show a Sunshine Law violation, we need not reach their argument regarding a knowing or purposeful violation. Moreover, Requestors did not raise the issue of a knowing and/or purposeful violation in their sole point relied on, and "[a]n issue not presented in a point relied on is not preserved for review." *Smock v. Associated Elec. Coop., Inc.*, 567 S.W.3d 211, 217 n.11 (Mo. App. W.D. 2018).