

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| SYLVIA PRIDE, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | WD86900 |
| | ) | |
| | ) | OPINION FILED: |
| BOONE COUNTY PROSECUTOR'S | ) | March 4, 2025 |
| OFFICE, ROGER JOHNSON, and | ) | |
| TRACY SKAGGS, | ) | |
| | ) | |
| Respondents. | ) | |

### Appeal from the Circuit Court of Boone County, Missouri
### The Honorable Mason R. Gebhardt, Judge

**Before Division Three:** W. Douglas Thomson, Presiding Judge, and
Karen King Mitchell and Thomas N. Chapman, Judges

Sylvia Pride, who appears pro se, appeals from a judgment dismissing, for failure

to state a claim, her petition alleging violations of Missouri's Sunshine Law[1] by the

Boone County Prosecutor and the Custodian of Records for the Prosecutor's Office

(collectively, the Prosecutor's Office). Pride raises three points on appeal. In her first

---

[1] "Although containing no 'title' provision, [§] 610.010 *et seq.* is commonly called the Sunshine Law." *Pride v. Boone Cnty. Sheriff's Dep't*, 667 S.W.3d 210, 211 n.1 (Mo. App. W.D. 2023). All statutory references are to the Revised Statutes of Missouri (Supp. 2022).

two points, she argues the motion court erred in dismissing her petition because Count I sufficiently alleged facts showing that the Prosecutor's Office violated the Sunshine Law by failing to provide Pride with a copy of a public record she requested and, instead, provided her with a forged document. For her third point, Pride asserts the court erred in dismissing her petition because Count II sufficiently alleged facts showing that the Prosecutor's Office violated the Sunshine Law by knowingly and purposefully failing to respond to Pride's request within three business days. Finding no error, we affirm.

**Background**

The Sunshine Law violations alleged here pertain to records requests seeking the Sunshine Law compliance policy[2] in effect for the Prosecutor's Office on specific dates. The legal file does not include any of the relevant records requests or responses thereto. Thus, we have only Pride's descriptions of those documents as reflected in her petition.

According to the well-pleaded facts in her petition, Pride submitted a records request to Custodian on May 3, 2023; Custodian received the request and promptly responded to it. On May 5, 2023, Pride submitted a second records request to Custodian, seeking "a copy of the written policy regarding 'the release of information on any meeting, record or vote' as referred to in RSMo 610.028.2 as it was on May 3, 2023." The same day, Custodian acknowledged receipt of the second request and indicated that it was under review. On May 11, 2023, Custodian responded to Pride by email stating,

---

[2] Section 610.028.2 of the Sunshine Law states, "Each public governmental body shall provide a reasonable written policy in compliance with sections 610.010 to 610.030, open to public inspection, regarding the release of information on any meeting, record or vote."

2

"Attached as requested, please find a copy of the Boone County Prosecutor's Office [policy] referred to [in] 610.028.2, RSMo." On May 12, 2023, Pride replied to Custodian via email and made yet another records request, stating,

> Thank you for sending me a copy of your policy regarding records requests as it was on May 3, 2023. The written policy you provided is dated May 2022, but it does not include the day of the month. Because I am a party in case [No.] 22BA-CV01700 which involves a records request that was in dispute during May of 2022, I would like to know the exact date in May 2022 when that policy was created. (I need to know if that policy was in effect on May 14, 2022). If that policy was not in effect on May 14, 2022, please send me a copy of the policy as it was on May 14, 2022.

Pride and Custodian then spoke by telephone on May 24, 2023. Custodian informed Pride that there had not been a policy in effect prior to the one already provided to Pride, but Pride alleged Custodian "made no attempt to inform [Pride] that [the policy] was not created in May of 2022 or that [the policy] was not in effect on May 3, 2023."

Additionally, Pride alleged that the document attached to Custodian's email of May 11 was forged in that it purported to have been signed in May 2022 by an individual who did not work for the Prosecutor's Office at that time. Pride further alleged that Prosecutor and Custodian conspired to forge the document that was provided to Pride for purposes of making her believe it was the policy in effect on May 3, 2023.

Pride's petition included two counts, each alleging a knowing and purposeful violation of the Sunshine Law—one for failure to respond to her May 5 request for records (Count I) and the other for failure to respond to her May 12 records request

3

(Count II).[3]  For each count, Pride sought civil penalties and an order compelling the Prosecutor's Office to comply with the Sunshine Law.

Prosecutor and Custodian moved for dismissal of Pride's petition for failure to state a claim, arguing that she did not allege any facts showing that an existing public record was withheld.  After hearing arguments on the motion to dismiss, the court granted the motion and dismissed Pride's petition without prejudice.  Rather than file an amended petition, Pride opted to stand on her initial petition.

**Final, Appealable Judgment**

We first address whether the motion court's judgment dismissing Pride's petition is properly before us as the judgment was without prejudice.  "Generally, a dismissal without prejudice is not a final, appealable judgment." *Pride v. Boone Cnty. Sheriff's Dep't*, 667 S.W.3d 210, 211 (Mo. App. W.D. 2023) (quoting *Lee v. Mo. Dep't of Transp.*, 618 S.W.3d 258, 262 (Mo. App. W.D. 2021)).  "However, when the court dismisses the petition without prejudice for failure to state a claim[] and the plaintiff elects to stand on her petition rather than pleading additional facts, the judgment of dismissal constitutes an appealable adjudication on the merits." *Id.*  Here, Pride elected to stand on her petition rather than amending it.  Thus, the judgment is appealable.

**Standard of Review**

All three points on appeal challenge the propriety of the motion court's dismissal of Pride's claims for failure to state a claim on which relief can be granted.  "We review

---

[3] Pride's first records request, dated May 3, 2023, and Custodian's response thereto are not at issue in this case.

4

the grant of a motion to dismiss de novo and will affirm the dismissal on any meritorious ground stated in the motion." *Grosshart v. Kansas City Power & Light Co.*, 623 S.W.3d 160, 166 (Mo. App. W.D. 2021) (quoting *Hill v. Freeman*, 608 S.W.3d 650, 654 (Mo. App. W.D. 2020)).

"When considering whether a petition fails to state a claim upon which relief can be granted, [we] must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorable to the pleader." *Id.* (quoting *Hill*, 608 S.W.3d at 654). We "do[] not weigh the factual allegations to determine whether they are credible or persuasive." *Id.* (quoting *Hill*, 608 S.W.3d at 654). "Instead, [we] review[] the petition to determine if the facts alleged meet the elements of a recognized cause of action. . . ." *Id.* (quoting *Hill*, 608 S.W.3d at 654). "In order to withstand the motion [to dismiss], the petition must invoke substantive principles of law entitling the plaintiff to relief and . . . ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial." *Id.* (quoting *Hill*, 608 S.W.3d at 654). "Mere conclusions of the pleader not supported by factual allegations are disregarded in determining whether a petition states a claim on which relief can be granted." *Schlafly v. Cori*, 647 S.W.3d 570, 573 (Mo. banc 2022) (quoting *Com. Bank of St. Louis Cnty. v. James*, 658 S.W.2d 17, 22 (Mo. banc 1983)).

**Analysis**

Pride raises three points on appeal. In her first two points, she argues the motion court erred in dismissing Count I of her petition because she sufficiently alleged facts showing that the Prosecutor's Office violated the Sunshine Law by failing to provide her

5

with a copy of a public record she requested and, instead, provided her with a forged document. For her third point, Pride asserts the court erred in dismissing Count II of her petition because she sufficiently alleged facts showing that the Prosecutor's Office violated the Sunshine Law by knowingly and purposefully failing to respond to her request within three business days. We address Pride's three points together because they all fail for the same reason.[4]

The Sunshine Law requires "each public governmental body [to] provide access to and, upon request, furnish copies of [its] public records," subject to exceptions and requirements not relevant here. § 610.026.1. "Each request for access to a public record shall be acted upon as soon as possible, but in no event later than the end of the third business day following the date the request is received by the [public governmental body's] custodian of records."[5] § 610.023.3.

---

[4] The Prosecutor's Office urges us to dismiss Pride's appeal because her brief fails to comply with the points-relied-on requirements of Rule 84.04 of the Missouri Supreme Court (2024). Although Pride's points relied on do not follow the format prescribed by Rule 84.04, "we prefer to resolve appeals on their merits, especially when we are able to discern the gist of the appellant's allegations of error." *Cass Cnty. v. City of Lee's Summit*, 638 S.W.3d 560, 566 n.8 (Mo. App. W.D. 2021) (quoting *Messina v. Shelter Ins. Co.*, 585 S.W.3d 839, 842 n.1 (Mo. App. W.D. 2019)). Here, because we are able to understand Pride's allegations of error, we will address them on the merits.

[5] Section 610.023.3 further provides,

> If access to the public record is not granted immediately, the custodian shall give a detailed explanation of the cause for further delay and the place and earliest time and date that the record will be available for inspection. This period for document production may exceed three days for reasonable cause.

Any aggrieved person may seek judicial enforcement of the Sunshine Law. § 610.027.1. If a court determines that a public governmental body or a member of the body *knowingly* violated the Sunshine Law, § 610.027.3 authorizes a civil penalty up to one thousand dollars, plus costs and attorney's fees. If the court finds the violation was purposeful, § 610.027.4 permits a civil penalty of up to five thousand dollars, plus costs and attorney's fees.[6]

Where the basis for a Sunshine Law claim is a public governmental body's failure to respond to a records request, the petition must allege "that (1) a request for access to a public record was made; (2) such request was received by the custodian of records; and (3) the custodian of records did not respond to the request within three business days of receiving the request." *Anderson v. Vill. of Jacksonville*, 103 S.W.3d 190, 194-95 (Mo. App. W.D. 2003); *Pride*, 667 S.W.3d at 212 (same).

Pride's petition alleges that she submitted three records requests (only two of which are at issue here) to Custodian and Custodian received those requests. The Prosecutor's Office does not dispute those allegations. Thus, the question is whether Pride's petition adequately alleged that the Prosecutor's Office knowingly or

---

[6] To knowingly violate the Sunshine Law, a public governmental body must have "had 'actual knowledge that the conduct violated a statutory provision.'" *White v. City of Ladue*, 422 S.W.3d 439, 452 (Mo. App. E.D. 2013) (quoting *Wright v. City of Salisbury, Mo.*, No. 2:07CV00056, 2010 WL 2947709, at *5 (E.D. Mo. July 22, 2010)). "To purposely violate the Sunshine Law, a 'public governmental body must exhibit a conscious design, intent, or plan to violate the law and do so with awareness of the probable consequences.'" *Id.* at 451 (quoting *Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. banc 1998)).

7

purposefully violated the Sunshine Law by failing to respond to her requests dated May 5 and May 12.

Pride alleged that, on May 5, 2023, she requested "a copy of the written policy regarding 'the release of information on any meeting, record or vote' as referred to in RSMo 610.028.2 as it was on May 3, 2023." That same day, Custodian acknowledged receipt of the request and indicated that it was under review. On May 11, 2023, Custodian responded to Pride stating, "Attached as requested, please find a copy of the Boone County Prosecutor's Office [policy] referred to [in] 610.028.2, RSMo." Then, on May 12, 2023, Pride replied to Custodian via email thanking Custodian for providing a copy of the "policy regarding records requests as it was on May 3, 2023" and requesting "a copy of the policy as it was on May 14, 2022," if that version differed from the one already provided. On May 24, 2023, Custodian informed Pride that there had not been a policy in effect prior to the one already provided to her.[7]

"The Sunshine Law only requires that governmental agencies provide access to records then in existence, and in the agencies' possession or under their control." *Sansone v. Governor of Missouri*, 648 S.W.3d 13, 22 (Mo. App. W.D. 2022). "Where requesters have asked government agencies to create customized compilations or summaries of their records, [Missouri courts] have held that the Sunshine Law was inapplicable, since it only requires agencies to disclose *existing* records—not to create

---

[7] It appears that the point of Pride's May 5 Sunshine Law request was to show that the policy provided did not exist on May 14, 2022. But, instead of asking for the policy in effect on that date, she requested the current policy by citing the date "May 3, 2023" in her May 5 request.

new ones." *Id.* (emphasis in original). "The plain language of the Sunshine Law does not require a public governmental body to create a new record upon request, but only to provide access to existing records held or maintained by the public governmental body." *Id.* (quoting *Jones v. Jackson Cnty. Cir. Ct.*, 162 S.W.3d 53, 60 (Mo. App. W.D. 2005); *see also Am. Family Mut. Ins. Co. v. Mo. Dep't of Ins.*, 169 S.W.3d 905, 915 (Mo. App. W.D. 2005) (agency could properly refuse records request where "the data requested . . . was not contained in an existing record held by" the agency).

Pride's well-pleaded facts show that the Prosecutor's Office timely disclosed its Sunshine Law compliance policy as it existed at the time of her requests and that policy was the only existing document responsive to her requests. That is all the Sunshine Law required here. Pride may have wanted a version in effect on a specific date, but she did not allege that such document existed and was withheld from her. And the Sunshine Law does not require custodians to create new documents.

Pride also alleged that Prosecutor and Custodian conspired to forge the document provided to her, but the enforcement provisions of the Sunshine Law do not extend to claims that documents provided in response to a records request were forged. The Sunshine Law is simply not the appropriate basis on which to bring a claim of forgery in this context.[8]

---

[8] Once a Sunshine Law enforcement action is initiated, § 610.027.1 prohibits the custodian of the public record at issue from transferring custody, altering, destroying, or otherwise disposing of the record. The Sunshine Law does not otherwise govern the creation or modification of public records.

Finally, we find no merit in Pride's assertion that the Prosecutor's Office violated the Sunshine Law by failing to respond to her May 12 request within three business days.[9]  The May 12 request sought "a copy of the policy as it was on May 14, 2022," *if* that version differed from the one already provided.[10]  Thus, her request of May 12, 2023, was triggered only if there were a policy in effect on May 14, 2022, that differed from the version she already possessed.  By not providing a written response to the May 12 request, it appears the Prosecutor's Office was communicating to Pride that the document she requested on May 12 was the same document provided to her in response to her May 5 request.[11]

Points I, II, and III are denied.[12]

---

[9] Pride's allegation of a late response pertains only to her request of May 12.

[10] This case presents a unique scenario involving a follow-up request that, by its terms, sought a record only if it differed from the document previously provided. Typically, where there are no documents responsive to a public records request, the Sunshine Law requires the governmental body to inform the requester accordingly.  Due, however, to the unique nature of the May 12 request and the way it was phrased, the lack of a written response from the Prosecutor's Office was an affirmative representation that no such document existed.

[11] It would then follow that if the document previously provided was not in effect on May 14, 2022, and the Prosecutor's Office did not have a policy in effect on that date (or no longer retained that document), then they would have had to respond to Pride's May 12 request with that information because the contingency in the request would have been triggered.

[12] Although not required to state a cause of action for violation of the Sunshine Law, allegations that the violation was knowing or purposeful are necessary to state a claim for civil penalties under the Sunshine Law.  Here, Pride seeks civil penalties against the Prosecutor's Office, but she fails to allege any conduct amounting to a knowing or purposeful violation of the Sunshine Law.

**Conclusion**

For the foregoing reasons, Pride's petition failed to state a claim under the Sunshine Law. The motion court's dismissal of her petition is affirmed.

_____
Karen King Mitchell, Judge

W. Douglas Thomson, Presiding Judge, and Thomas N. Chapman, Judge, concur.